**Dated: January 04, 2010**
**The following is SO ORDERED:**

George W. Emerson, Jr.
**George W. Emerson, Jr.**
**UNITED STATES BANKRUPTCY JUDGE**

_____

THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

In re

ROBERT JOHNSON,                                    Case No. 09-30584-E
     Debtor .                                     Chapter 13

Robert Johnson,
     Plaintiff,
v.                                                 Adv. Proc. No. 09-00504

SunTrust Mortgage aka
SunTrust Bank,

     Defendant.

_____

**MEMORANDUM OPINION**

_____

These matters are before the Court on the motion of SunTrust Mortgage to dismiss the above adversary proceeding for failure to state a claim upon which relief may be granted in accordance with Fed. R. Civ. Proc. 12(b)(6) made applicable in this Adversary Proceeding by Fed. R. Bankr. Proc. 7012(b) and the related motion for relief from the automatic stay filed by Rose Investment Corp. in the Debtor's Chapter 13 bankruptcy case. These proceedings arise in a case referred to this Court by the Standing Order of Reference and are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(G) and (O).

Both motions were set for final disposition on December 10, 2009, at 10:00 a.m. The Court took

up the motions after attending to other earlier-scheduled matters on the Court's docket, resulting in the hearings on both motions being before the Court after 11:19 a.m.  Despite the delay in starting these hearings, neither the Debtor nor counsel for the Debtor had made an appearance by the time the Court took up the instant motions.[1]  At the conclusion of statements made by counsel for SunTrust and Rose Investment Corporation, the Court took the matters under advisement, allowing counsel for the Debtor the opportunity to hand-deliver to chambers any additional briefs to be considered by the Court on or before 5:00 p.m., Monday, December 14, 2009.

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir. 2008).  In reviewing the Debtor's Complaint, the Court will accept as true the Plaintiff's allegation that the foreclosures were announced as postponed while the automatic stay of 11 U.S.C. § 362 was in effect due to the filing of  Chapter 13 Case No. 09-28804.  Further, the Court will accept as true the allegation that the foreclosures were then held and the subject properties sold after Chapter 13 Case No. 09-28804 was dismissed and prior to the filing of Debtor's next Chapter 13 petition, Chapter 13 Case No. 09-30584.   The Debtor's Complaint is based entirely upon these two factual allegations.

The automatic stay provision of 11 U.S.C. § 362 provides that the filing of a bankruptcy petition operates to give the debtor a breathing spell from creditors, stop collection efforts and harassment of the debtor, and to maintain the status quo between the debtor and his creditors while providing for the orderly and effective resolution of competing economic interests.  *In re Fine*, 285 B.R. 700, 702 (Bankr. D. Minn. 2002).  11 U.S.C. § 362(k) provides that an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.[2]

To establish a cause of action for "willful failure to violate the automatic stay," three elements

---

[1] The Court notes that another attorney stood in for counsel for Debtor and orally requested a continuance of both matters at the scheduled hearing.  Neither counsel for SunTrust nor counsel for Rose Investment Corporation consented to such continuance and the Court denied the oral motion based upon failure of counsel for Debtor to contact either opposing attorney to request such continuance.

[2] 11 U.S.C. § 362(k) was originally numbered as 362(h) by the Bankruptcy Amendments Act of 1984 and then redesignated as § 362(k) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).  William F. Norton, Jr. & William F. Norton, III, *Norton Bankruptcy Code,* 11 U.S.C. § 362(k) Editors' Comment. (2008-2009 ed.).

must be established: (1) the violation must have occurred; (2) the violation must have been committed willfully; and (3) the violation must have injured the individual seeking damages. *In re Skeen,* 248 B.R. 312, 316 (Bankr. E.D. Tenn. 2000)(citations omitted).

The three *Skeen* elements determine the Court's analysis of the Defendant's motion to dismiss. The complaint must "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007), as well as "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory" in order to survive a motion to dismiss based on Fed. Rule Civ. Proc. 12(b)(6). *Eidson v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007).

The issue for purposes of this Order is whether Plaintiff's complaint contains sufficient facts to support a claim under 11 U.S.C. § 362(k). Defendant alleges that Plaintiff has failed to plead facts demonstrating that a violation of the stay has occurred, a fatal flaw in a claim under § 362(k) and the first *Skeen* element listed above.

The Court finds that the facts pled by Plaintiff do not demonstrate that a violation of the automatic stay occurred upon Defendant's postponement of the foreclosure sales in question. The Court finds the cases cited in Defendant's Brief in Support of the Motion to Dismiss to be a persuasive and accurate statement of the law relating to postponing a scheduled foreclosure when the stay is in effect. "Postponing the scheduled foreclosure merely maintains the status quo while the creditor attempts to obtain relief from the automatic stay so that foreclosure sale can be held at the postponed date and time." *Reels v. Cunningham et. al., (In re Reels),* Chapter 13 Case No. 03-17134, Adv. No. 03-1420, 2007 WL 1138436, at *1 (Bankr. E.D. Tenn. April 13, 2007)(citations omitted).

Plaintiff alleges in the Complaint that following the dismissal of his first Chapter 13 Case, No. 09-28804, the foreclosure sales were held. This occurred prior to the filing of the Plaintiff's second Chapter 13 Case, No. 09-30584. Upon dismissal of Plaintiff's case, the automatic stay terminated by operation of law pursuant to 11 U.S.C. §§ 349 and 362(c).[3] Because no automatic stay was in effect when the foreclosure sales were held, the Defendant's actions cannot satisfy the first element of a cause

---

[3] 11 U.S.C. § 362(c) provides in pertinent part: (c)...(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; (2) the stay of any other act under subsection (a) of this section continues until the earliest of - (A) the time the case is closed; (B) the time the case is dismissed;...

11 U.S.C. § 349(b)(3) provides that "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title - ...(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."

of action for a willful stay violation under *Skeen*.

Having reached this conclusion, it is clear that in viewing the Plaintiff's Complaint in the light most favorable to the plaintiff, when Defendant SunTrust postponed the foreclosure sales as alleged, it did not violate the automatic stay.  For the reasons set forth above, the Court finds that Plaintiff's Complaint fails to state a plausible claim of willful violation of the automatic stay for which the Court could grant relief pursuant to 11 U.S.C. § 362.

The Court grants the Defendant's Motion to Dismiss with respect to Plaintiff's claims under Fed. R. Civ. Proc. 12(b)(6) made applicable through Fed. Rule of Bankr. Proc. 7012.  Defendant SunTrust shall hereby be allowed to enter an order consistent with the Court's Memorandum Opinion GRANTING its motion to dismiss.

Having addressed Defendant SunTrust's Motion to Dismiss, the Court having found that no stay was in effect with regard to the subject property at the time it was purchased by movant Rose Investment Corporation, the Court finds that the motion for relief from the automatic stay should be granted. Movant Rose Investment Corporation shall hereby be allowed to enter an order consistent with the Court's Memorandum Opinion GRANTING its motion for relief from the automatic stay.

cc:    Debtor
       Attorney for Debtor
       Counsel for Defendant SunTrust Mortgage
       Counsel for Rose Investment Corporation